**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NANCY WALRAVEN,

        Plaintiff - Appellant,

  v.

TIMOTHY G. GEITHNER, Secretary of
The Department of the Treasury,

        Defendant - Appellee,

  v.

MICHAEL L. BUESGENS,

        Plaintiff - Intervenor.

No. 08-16496

D.C. No. 2:06-cv-00864-FJM

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted January 11, 2010[**]
San Francisco, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, HUG and CLIFTON, Circuit Judges.

Nancy Walraven appeals from the district court's grant of summary judgment for the Secretary of the Treasury ("defendant") on Walraven's claim of discrimination based on her disability under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), and we affirm.[1]

The district court properly granted defendant's summary judgment motion because Walraven failed to establish a *prima facie* case of discrimination under the Rehabilitation Act. To state a *prima facie* case under the Rehabilitation Act, a plaintiff must demonstrate that (1) she is a person with a disability, (2) who is otherwise qualified for the position, and (3) suffered discrimination because of her disability. *Id*. To demonstrate she is "qualified" for the position, a plaintiff must show she is able to perform the essential functions of the position at the time of the discrimination with or without reasonable accommodation. *Dark v. Curry County*, 451 F.3d 1078, 1086 (9th Cir. 2006); *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7

---

[1] Walraven makes a statement in her opening brief that a Title VII claim for discrimination based on sexual orientation should not have been dismissed. To the extent that this constitutes an appeal, it is denied because no argument is presented on this issue. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

(9th Cir. 2002); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000).

Walraven failed to establish a *prima facie* case because she did not demonstrate that she was a qualified individual who could perform the essential functions of her position as a Tax Resolution Representative. According to the government's job description and her supervisor's testimony, Walraven's position required direct contact with the public and this was an essential function of her employment. The undisputed medical evidence established that Walraven's mental health conditions made her unsuited for direct contact with the public. Because the uncontroverted evidence established that Walraven was unable to hold a position requiring direct contact with the public, and an essential function of her job required direct contact with the public, the district court did not err in finding that she could not perform the essential functions of her employment position and therefore was not a qualified individual under the Rehabilitation Act. *See Kaplan v. City of North Las Vegas*, 323 F.3d 1226, 1230-31 (9th Cir. 2003) (holding that the plaintiff was not a "qualified individual" where the medical evidence showed that the plaintiff could not perform the essential functions of the employment position); *Weyer*, 198 F.3d at 1108-09 (stating a qualified individual must be able to perform the essential functions of the job).

Walraven claims that she could have performed the essential functions of her job with reasonable accommodation, but she fails to reconcile this claim with her contradictory assertion of total disability before the Merit Systems Protection Board, which granted her disability retirement benefits. To defeat summary judgment, Walraven would have had to offer an explanation "sufficient to warrant a reasonable juror's concluding that, assuming the truth of, or the plaintiff's good-faith belief in, the earlier statement, the plaintiff could nonetheless 'perform the essential functions' of her job, with or without 'reasonable accommodation.'" *See Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 807 (1999).

The district court therefore did not err in entering summary judgment in defendant's favor.

AFFIRMED.